UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

NATIONWIDE INSURANCE COMPANY
OF AMERICA and ALLIED PROPERTY &
CASUALTY INSURANCE COMPANY,

       Plaintiffs,

v.

H.H. PIZZA, INC. d/b/a HUNGRY HOWIES
PIZZA, a Florida Corporation, SOUTH END,
INC. d/b/a HUNGRY HOWIES PIZZA, a
Florida Corporation, DELTONA FOODS, LLC d/b/a
HUNGRY HOWIES PIZZA, a Florida Limited
Liability Company, THOMAS E. HELLER,
KRISTI LEE HELLER, and BETTY KAY
CZAJKOWSKI, as Personal Representative of the
Estate of RUSSEL SHANE CZAJKOWSKI,

       Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

COME NOW the Plaintiffs, NATIONWIDE INSURANCE COMPANY OF AMERICA and ALLIED PROPERTY & CASUALTY INSURANCE COMPANY, by and through the undersigned counsel, and hereby seek a declaratory judgment concerning the rights and obligations among NATIONWIDE INSURANCE COMPANY OF AMERICA, ALLIED PROPERTY & CASUALTY INSURANCE COMPANY OF AMERICA and the Defendants, H.H. PIZZA, INC. d/b/a HUNGRY HOWIES PIZZA, a Florida Corporation, SOUTH END, INC. d/b/a HUNGRY HOWIES PIZZA, a Florida Corporation, DELTONA FOODS, LLC d/b/a HUNGRY HOWIES PIZZA, a Florida Limited Liability Company, THOMAS E. HELLER,

1

KRISTI LEE HELLER, and BETTY KAY CZAJKOWSKI, as Personal Representative of the Estate of RUSSEL SHANE CZAJKOWSKI, and as grounds therefore states:

## PARTIES

1. NATIONWIDE INSURANCE COMPANY OF AMERICA ("NATIONWIDE") and ALLIED PROPERTY & CASUALTY INSURANCE COMPANY ("ALLIED") are citizens of Ohio as each is an Ohio corporation with its principal places of business in Columbus, Ohio.

2. Upon information and belief, and at all times material hereto, H.H. PIZZA, INC. d/b/a HUNGRY HOWIES PIZZA ("H.H. PIZZA"), is Florida citizen, incorporated under the laws of the State of Florida, with its principal place of business located at 2109-D Main Street, Dunedin, FL, 34698, within this District.

3. Upon information and belief, and at all times material hereto, SOUTH END, INC. d/b/a HUNGRY HOWIES PIZZA ("SOUTH END"), is Florida citizen, incorporated under the laws of the State of Florida, with its principal place of business located at 3491 Thomasville Rd., Tallahassee, FL, 32308.

4. Upon information and belief, and at all times material hereto, DELTONA FOODS, LLC d/b/a HUNGRY HOWIES PIZZA ("DELTONA FOODS"), is Florida citizen, formed under the laws of the State of Florida, with its principal place of business located at 1326 East Lumsden Rd., Brandon, FL, 33511, within this District.

5. Upon information and belief, and at all times material hereto, THOMAS E. HELLER was and is domiciled in and a citizen of Florida who resides in Volusia County, Florida. At all material times, THOMAS E. HELLER was an employee of DELTONA FOODS.

6. Upon information and belief, and at all times material hereto, KRISTI LEE HELLER was and is domiciled in and a citizen of Florida who resides in Volusia County, Florida.

7. Upon information and belief, and at all times material hereto, BETTY KAY CZAJKOWSKI, is the personal representative of the Estate of RUSSEL SHANE CZAJKOWSKI (the "ESTATE") and is a citizen of the State of Florida, where RUSSEL SHANE CZAJKOWSKI was domiciled in and a citizen of at the time of his death.

## VENUE AND JURISDICTION

8. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201, et. seq., in that a present controversy exists between the parties in which the Plaintiffs ask this Court to adjudicate and determine the rights of the parties regarding contracts of insurance that are in dispute.

9. The Declaratory relief sought involves a real and present case and controversy and the parties are in need for immediate determination of their rights and obligations under the policies of insurance.

10. The parties are in doubt as to their rights and obligations under the insurance policies at issue and this action does not constitute a pursuit of mere legal advice.

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the Plaintiffs are domiciled in and citizens of a different state than the Defendants, and there is complete diversity. Even though damages are not sought in this lawsuit, the insurance policy at issue represents funds in excess of $75,000.00, and the Complaint filed by the ESTATE against H.H. PIZZA, SOUTH END, DELTONA FOODS, THOMAS E. HELLER, and KRISTI

LEE HELLER, out of which this action arises, seeks damages exceeding $3,000,000.00, exclusive of attorneys' fees, interest, and costs.

12. The insurance policies at issue were issued and delivered to Defendant SOUTH END, in Hillsborough County, Florida.

13. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b) as this action arises out of a policy of insurance that was delivered to SOUTH END in Hillsborough County, Florida. In addition, Defendants H.H. PIZZA and DELTONA FOODS have their principal places of business within this district and are therefore residents of this district, and all Defendants are residents of the State of Florida.

## FACTS COMMON TO ALL COUNTS

14. NATIONWIDE and ALLIED were the underwriters on a commercial insurance portfolio issued to SOUTH END as the named insured. The commercial package included a Businessowners Liability Coverage Policy bearing Policy No. ACP BPFZ 3006687076 ("Businessowners Policy) and a Commercial Umbrella Liability Insurance Policy bearing Policy No. ACP CAP 3006687076 (Umbrella Policy") with effective dates from June 1, 2014, through June 1, 2015. A true and correct copy of the Commercial Insurance Portfolio is attached hereto as composite **Exhibit "A."**

15. On or about February 2, 2015, a lawsuit was filed by the ESTATE in the Circuit Court for the Seventh Judicial Circuit in and for Volusia County, Florida. The Plaintiff's Complaint is the operative complaint naming H.H. PIZZA, SOUTH END, DELTONA FOODS, THOMAS E. HELLER, and KRISTI LEE HELLER, as defendants (the "Czajkowski Action"). A true and accurate copy of the Plaintiff's Complaint is attached hereto as **Exhibit "B."**

16. In the Complaint, it is alleged that KRISTI LEE HELLER owned a motor vehicle that was operated by THOMAS E. HELLER on or about November 3, 2014 in Volusia County, Florida.

17. At that time and place, THOMAS E. HELLER is alleged to have negligently operated the vehicle such that it struck the decedent, RUSSELL SHANE CZAJKOWSKI's motorcycle and ultimately caused his death.

18. It is further alleged that THOMAS E. HELLER was in the course and scope of his employment with DELTONA FOODS during the time of the accident while he was carrying out his employment responsibilities as a pizza delivery driver. The Complaint alleges that DELTONA FOODS is vicariously liable for the November 3, 2014 accident.

19. It is alleged that SOUTH END is a holding company which owned the entirety of and/or controlling interest in DELTONA FOODS in addition to numerous pizza delivery stores throughout Florida and that SOUTH END controlled and directed all aspects of the operations of DELTONA FOODS as constructive employer of THOMAS E. HELLER. SOUTH END is alleged to be vicariously liable for the events alleged in the Complaint.

20. It is also alleged that H.H. PIZZA entered into a franchise agreement with both SOUTH END and DELTONA FOODS which expressly sets forth the required HUNGRY HOWIES business format, methods of operations, specifications, standards, etc. to be utilized by SOUTH END and DELTONA FOODS. H.H. PIZZA is alleged to be vicariously liable for the negligent actions of THOMAS E. HELLER regarding the events on November 3, 2014.

21. Finally, it alleges that KRISTI LEE HELLER is liable for the negligence of THOMAS E. HILLER as the owner of the auto.

22.     Defendant SOUTH END provided notice of the ESTATE's claim to NATIONWIDE and ALLIED.

23.     All conditions precedent are satisfied or otherwise waived.

### COUNT I – DECLARATORY RELIEF AGAINST ALL DEFENDANTS AS TO NATIONWIDE'S BUSINESSOWNERS POLICY

24.     NATIONWIDE INSURANCE COMPANY OF AMERICA incorporates the allegations of paragraphs 1 through 23 and re-alleges the same as if fully set forth herein.

25.     NATIONWIDE issued the Businessowners Policy to "SOUTH END, INC. D/B/A HUNGRY HOWIES, the named insured.

26.     In addition to the Named Insured indicated above, the Businessowners Policy includes an attachment titled "Schedule of Name Insureds," which includes DELTONA FOODS and SOUTH END.

27.     H.H. PIZZA is an automatic additional insured under Section II, Who is an Insured, paragraph 5(c) of the Businessowners Policy by virtue of its Franchise Agreement with DELTONA FOODS.

28.     THOMAS HELLER is an "insured" under the Businessowners Policy as he is alleged to be an employee of the named insured acting within the scope of his employment and therefore is an "insured" under Section II, Who is an Insured, paragraph 2(a) of the Businessowners Policy.

29.     KRISTI LEE HELLER is not an "insured" under the Businessowners Policy.

30.     The "Common Declarations" section of the Businessowners Policy contains a description of the insured's business which reads: "PIZZA PARLOR/TAKE OUT ONLY."

31.     The insuring agreement of the Businessowners Policy's "Section-I Coverages, Coverage A Bodily Injury and Property Damage Liability" provides:

I.  COVERAGES

    A.  COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

        1.  INSURING AGREEMENT

            a.  We will pay those sums up to the applicable Limit of Insurance that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages for which there is coverage under this policy. HOWEVER, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

32. The ESTATE alleged a claim for "bodily injury" as that term is defined in the Businessowners Policy.

33. "Section I – Coverages, Coverage A Bodily Injury and Property Damage Liability" of the Businessowners Policy also sets forth multiple exclusions which include, in relevant part:

I.  COVERAGES

    A.  COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

        ...

        2.  EXCLUSIONS

        This insurance, including any duty we have to defend "suits", does not apply to:

        ...

            g.  **Aircraft, Auto Or Watercraft**

7

> Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".
>
> This exclusion applies even if the claims allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by an insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.
>
> ...

34. Under the Businessowners Policy, an "auto" is defined. It states:

> **V.   DEFINITIONS**
>
> ...
>
> 2.   **"Auto"** means:
>
>   a.   A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or
>
>   b.   Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance or motor vehicle registration law where it is licensed or principally garaged.
>
> HOWEVER, "auto" does not include "mobile equipment."
> ...

35. A dispute has arisen between Plaintiffs and Defendants as to whether Defendants H.H. PIZZA, SOUTH END, DELTONA FOODS, THOMAS E. HELLER, and/or KRISTI LEE HELLER are entitled to a defense and indemnity under the Businessowners Policy.

36. The ESTATE's Complaint has alleged various causes of action against all defendants arising out of THOMAS HELLER's alleged negligent operation of a motor vehicle.

37. The motor vehicle alleged to have been negligently operated by THOMAS E. HELLER resulting in the death of RUSSEL SHANE CZAJKOWSKI is an "auto" as defined in the Businessowners Policy.

38. Policy Exclusion (g) bars coverage for bodily injury, including death, arising from the operation of an "auto," and no exceptions to the exclusion apply.

39. Since the insurance policy does not cover any claims arising out of the use of an "auto," NATIONWIDE has no duty to defend or indemnify Defendants H.H. PIZZA SOUTH END, DELTONA FOODS, THOMAS E. HELLER, or KRISTI LEE HELLER for the claims asserted in the Complaint brought by the ESTATE.

40 None of the defendants in the Czajkowski Action, either H.H. PIZZA, SOUTH END, DELTONA FOODS, THOMAS E. HELLER, or KRISTI LEE HELLER, are otherwise provided coverage under the Businessowners Policy.

41. In addition, Defendant KRISTI LEE HELLER is not named as an insured under the policy and no other policy provision provides her, the mother of an employee of the named insured, coverage under the policy. Accordingly, KRISTI LEE HELLER is not an "insured" under the policy and is not entitled to any insurance coverage or a defense under the Businessowners Policy.

42. As a result there is no duty under the Businessowners Policy on the part of NATIONWIDE to defend, indemnify, or otherwise provide coverage for H.H. PIZZA, SOUTH END, DELTONA FOODS, THOMAS E. HELLER, and/or KRISTI LEE HELLER for any claim arising out of the facts plead in the Czajkowski Action. Similarly, the Businessowners Policy does not afford coverage to the ESTATE for any claim arising out of the facts giving rise to the Czajkowski Action.

WHEREFORE, Plaintiff NATIONWIDE INSURANCE COMPANY OF AMERICA demands judgment from the Court:

(a) Declaring that Policy No. ACP BPFZ 3006687076:

1. Does not afford coverage to H.H. PIZZA, INC. d/b/a HUNGRY HOWIES PIZZA, SOUTH END, INC. d/b/a HUNGRY HOWIES PIZZA, DELTONA FOODS, LLC d/b/a HUNGRY HOWIES PIZZA, THOMAS E. HELLER, or KRISTI LEE HELLER, and none of those entities are entitled to a defense or indemnity for any claim arising out of the facts giving rise to the Czajkowski Action.

2. Does not afford coverage to BETTY KAY CZAJKOWSKI, as Personal Representative of the Estate of RUSSEL SHANE CZAJKOWSKI for any claim arising out of the facts giving rise to the Czajkowski Action.

(b) Any and all other and further relief as the Court may deem proper and appropriate in the premises.

## COUNT II – DECLARATORY RELIEF AGAINST ALL DEFENDANTS AS TO THE COMMERCIAL UMBRELLA LIABILITY POLICY COVERAGE A – EXCESS FOLLOW FORM LIABILITY INSURANCE

43. ALLIED PROPERTY & CASUALTY INSURANCE COMPANY incorporates the allegations of paragraphs 1 through 23 and 25 through 42, and re-alleges the same as if fully set forth herein.

44. ALLIED issued the Umbrella Policy to "South End, Inc. d/b/a Hungry Howies," the named insured.

45. The insuring agreement of the Umbrella Policy provides with respect to Coverage A – Excess Follow Form Liability Insurance:

> A. **Coverage A – Excess Follow Form Liability Insurance**
>
> 1. Under Coverage A, we will pay on behalf of the "insured" that part of "loss" covered by this insurance in excess of the total applicable limits of "underlying insurance", provided the injury or offense takes place during the Policy Period of this policy. The terms and conditions of "underlying insurance" are, with respect to Coverage A, made a part of this policy except with respect to:
>
>    a. any contrary provision contained in this policy; or
>
>    b. any provision in this policy for which a similar provision is not contained in "underlying insurance".
>
> 2. With respect to the exceptions stated above, the provisions of this policy will apply.
>
> …
>
> 4. Notwithstanding anything to the contrary contained above, if "underlying insurance" does not cover "loss" for reasons other than exhaustion of an aggregate limit of insurance by payment of claims, then we will not cover such "loss".

11

...

46.     Endorsement "UMB 00 28 04 12" modifies the definition of "Underlying Insurance" in the Umbrella as follows:

> Under **DEFINITIONS, A. Applicable to Coverage A and Coverage B,** definition **13.** "Underlying insurance: is replaced by the following:
>
> **13.**   "Underlying insurance" means the policy or policies of insurance listed in the Schedule of Underlying Insurance forming a part of this policy.
>
> "Underlying Insurance" does not include any Extended Reporting Periods on the policies shown in the Schedule of Underlying Insurance. Extended Reporting Periods must be endorsed onto this policy by us.
> ...

47.     The Umbrella Policy includes a Schedule of Underlying Insurance, form "UMB 00 01 03 09," which lists only the Businessowners Policy with Policy No. ACP BPFZ 3006687076 and effective dates of June 1, 2014 to June 1, 2015 as "underlying insurance."

48.     No other policy is included as "underlying insurance."

49.     The Named Insured on the Umbrella Policy is "South End, Inc." In addition to the Named Insured indicated above, the Umbrella Policy includes an attachment titled "Schedule of Insureds," which includes DELTONA FOODS and SOUTH END.

50.     H.H. PIZZA is an "insured" under Coverage A of the Umbrella Policy as it is an automatic additional insured under Section II, Who is an Insured, paragraph 5(c) of the Businessowners Policy which is "underlying insurance" as defined in the Umbrella Policy.

51.     THOMAS HELLER is an "insured" under the Umbrella Policy as he is alleged to be an employee of the named insured acting within the scope of his employment and therefore is an "insured" under Section II, Who is an Insured, paragraph 2(a) of the Businessowners Policy which is "underlying insurance" as defined in the Umbrella Policy.

52. KRISTI LEE HELLER is not listed as a named insured and does not fall within the policy definition of an "insured" or as an "additional insured."

53. The Umbrella Policy contains "Exclusions" applicable to Coverage A as follows:

> **EXCLUSIONS**
>
> **B.   Applicable to Coverage A Only**
>
>> The exclusions applicable to the "underlying insurance" also apply to this insurance.
>>
>> ...

54. The Umbrella Policy's Schedule of Underlying Insurance, "UMB 00 01 03 09", also states that the same restrictions, limitations and exclusions from the underlying policy apply to this excess policy and specifically provides as follows:

> IMPORTANT NOTICE: RESTRICTIONS, LIMITATIONS AND EXCLUSIONS TO THE ABOVE SCHEDULED UNDERLYING INSURANCE (OR ANY REPLACEMENTS THEREOF) WILL ACT AS RESTRICTIONS, LIMITATIONS AND EXCLUSIONS TO COVERAGE A OF THIS POLICY.

55. Therefore, pursuant the provisions outlined above, Coverage A of the Umbrella Policy provides only excess coverage for the claims that are covered in the underlying Businessowners Policy, with the Policy No. ACP BPFZ 3006687076 and effective dates of June 1, 2014 through June 1, 2015. Further, the Umbrella Policy incorporates and applies the coverage exclusions arising from the underlying Businessowners Policy.

56. Since all claims alleged in the Czajkowski Action arose out of the alleged negligent use of an "auto" which is excluded from coverage by the terms and conditions of the underlying Businessowners Policy, Coverage A provides no coverage for those claims.

57.   None of the defendants in the Czajkowski Action, either H.H. PIZZA, SOUTH END, DELTONA FOODS, THOMAS E. HELLER, or KRISTI LEE HELLER, are otherwise provided coverage under the Umbrella Policy.

58.   In addition, Defendant KRISTI LEE HELLER is not named as an insured under the Umbrella policy and no other policy provision provides her, the mother of an employee of the named insured, coverage under the policy. Accordingly, KRISTI LEE HELLER is not an "insured" under the policy and is not entitled to any insurance coverage or a defense under the Umbrella Policy.

59.   As a result there is no duty under Coverage A of the Umbrella Policy on the part of ALLIED to defend, indemnify, or otherwise provide coverage for H.H. PIZZA, SOUTH END, DELTONA FOODS, THOMAS E. HELLER, and/or KRISTI LEE HELLER for any claim arising out of the facts plead in the Czajkowski Action. Similarly, Coverage A of the Umbrella Policy does not afford coverage to the ESTATE for any claim arising out of the facts giving rise to the Czajkowski Action.

WHEREFORE, ALLIED PROPERTY & CASUALTY INSURANCE COMPANY requests that the Court enter judgment in its favor as follows:

(a)   Declaring that Policy No. ACP CAP 3006687076:

1.   Does not afford coverage under Coverage A to H.H. PIZZA, INC. d/b/a HUNGRY HOWIES PIZZA, SOUTH END, INC. d/b/a HUNGRY HOWIES PIZZA, DELTONA FOODS, LLC d/b/a HUNGRY HOWIES PIZZA, THOMAS E. HELLER, or KRISTI LEE HELLER, and none of those entities are entitled to a defense or indemnity for any claim arising out of the facts giving rise to the Czajkowski Action.

    2.    Does not afford coverage under Coverage A to BETTY KAY CZAJKOWSKI, as Personal Representative of the Estate of RUSSEL SHANE CZAJKOWSKI for any claim arising out of the facts giving rise to the Czajkowski Action.

(b)    Any and all other and further relief as the Court may deem proper and appropriate in the premises.

### COUNT III – DECLARATORY RELIEF AGAINST ALL DEFENDANTS AS TO THE COMMERCIAL UMBRELLA LIABILITY POLICY COVERAGE B – UMBRELLA LIABILITY INSURANCE

60.    ALLIED PROPERTY & CASUALTY INSURANCE COMPANY incorporates the allegations of paragraphs 1 through 23 and 44, 49, and 52, and re-alleges the same as if fully set forth herein.

61.    The insuring agreement of the Umbrella Policy provides with respect to Coverage B – Umbrella Liability Insurance:

> B.    Coverage B – Umbrella Liability Insurance
>
> > 1.    Under Coverage B, we will pay on behalf of the "insured" damages the "insured" becomes legally obligated to pay by reason of liability imposed by law because of "bodily injury", "property damage", or "personal and advertising injury" covered by this insurance which takes place during the Policy Period and is caused by an "occurrence". We will pay such damages in excess of the Retained Limit Aggregate specified in the Declarations or the amount payable by "other insurance", whichever is greater.
> >
> > …
> >
> > 5.    Coverage B will not apply to any loss, claim or "suit" for which insurance is afforded under "underlying insurance" or would have been afforded except for the exhaustion of the limits of insurance of "underlying insurance".

15

62. The Umbrella Policy contains "Exclusions" applicable to Coverage B as follows:

> **EXCLUSIONS**
>
> C. **Applicable to Coverage B Only**
>
> Under Coverage B, this insurance does not apply to:
>
> ...
>
> 4. Auto Coverages
>
> "Bodily injury" or "property damage" arising out of the ownership, maintenance or use of any "auto" within the United States or America, including its possessions and territories; Puerto Rico; and Canada, or while "autos" are being transported between these places.

63. Under the Umbrella Policy, an "auto" is defined. It states:

> **DEFINITIONS**
>
> A. **Applicable to Coverage A and Coverage B**
> As used in Coverage A and Coverage B:
>
> 1. "Auto" means:
>
>    a. A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or
>
>    b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.
>
> However, "auto" does not include "mobile equipment."

64. THOMAS HELLER is an "insured" under the Umbrella Policy, Coverage B as he is alleged to be an employee of the named insured acting within the scope of his employment and therefore meets the definition of an "insured" under **DEFINITIONS, C. Applicable to Coverage B Only,** definition 7.

16

65. The Complaint by the Estate of RUSSEL SHANE CZAJKOWSKI has alleged various causes of action against all defendants arising out of THOMAS HELLER's alleged negligent operation of a motor vehicle.

66. The motor vehicle alleged to have been negligently operated by THOMAS E. HELLER resulting in the death of RUSSEL SHANE CZAJKOWSKI is an "auto" as defined in the Umbrella Policy.

67. Policy Exclusion 4, titled Auto Coverages, bars coverage for bodily injury, including death, arising from the operation of an "auto," and no exceptions to the exclusion apply.

68. Since Coverage B of the Umbrella Policy does not cover any claims arising out of the use of an "auto," ALLIED has no duty to defend, indemnify, or otherwise provide coverage for H.H. PIZZA, SOUTH END, DELTONA FOODS, THOMAS E. HELLER, and/or KRISTI LEE HELLER for any claim arising out of the facts plead in the Czajkowski Action. Similarly, Coverage B of the Umbrella Policy does not afford coverage to the ESTATE for any claim arising out of the facts giving rise to the Czajkowski Action.

69. None of the defendants in the Czajkowski Action, either H.H. PIZZA, SOUTH END, DELTONA FOODS, THOMAS E. HELLER, or KRISTI LEE HELLER, are otherwise provided coverage under Coverage B of the Umbrella Policy.

70. In addition, Defendant KRISTI LEE HELLER is not named as an insured under the policy and no other policy provision provides her, the mother of an employee of the named insured, coverage under the policy. Accordingly, KRISTI LEE HELLER is not an "insured" under the policy and is not entitled to any insurance coverage or a defense under Coverage B of the Umbrella Policy.

WHEREFORE, ALLIED PROPERTY & CASUALTY INSURANCE COMPANY requests that the Court enter judgment in its favor as follows:

(a) Declaring that Policy No. ACP CAP 3006687076:

1. Does not afford coverage under Coverage B to H.H. PIZZA, INC. d/b/a HUNGRY HOWIES PIZZA, SOUTH END, INC. d/b/a HUNGRY HOWIES PIZZA, DELTONA FOODS, LLC d/b/a HUNGRY HOWIES PIZZA, THOMAS E. HELLER, or KRISTI LEE HELLER, and none of those entities or persons are entitled to a defense or indemnity for any claim arising out of the facts giving rise to the Czajkowski Action.

2. Does not afford coverage under Coverage B to BETTY KAY CZAJKOWSKI, as Personal Representative of the Estate of RUSSEL SHANE CZAJKOWSKI for any claim arising out of the facts giving rise to the Czajkowski Action.

(b) Any and all other and further relief as the Court may deem proper and appropriate in the premises.

Dated: 4/27/15

Respectfully submitted,

_____
Trevor T. Rhodes, Esquire  FBN: 0020573
Eric C. Thiel, Esquire  FBN: 016267
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd., Suite 1500
Tampa, FL  33602
Telephone:  (813) 769-7865
Facsimile:  (813) 222-3066
Email: service-trhodes@bankerlopez.com
Email: service-ethiel@bankerlopez.com
Attorneys for Plaintiff

18