UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONWIDE INSURANCE COMPANY
OF AMERICA and ALLIED PROPERTY &
CASUALTY INSURANCE COMPANY,

      Plaintiffs,

v.                                                    Case No. 8:15-cv-1013-T-30AEP

H.H. PIZZA, INC. d/b/a HUNGRY HOWIES
PIZZA, a Florida Corporation, SOUTH END,
INC. d/b/a HUNGRY HOWIES PIZZA, a
Florida Corporation, DELTONA FOODS, LLC d/b/a
HUNGRY HOWIES PIZZA, a Florida Limited
Liability Company, THOMAS E. HELLER,
KRISTI LEE HELLER, and BETTY KAY
CZAJKOWSKI, as Personal Representative of the
Estate of RUSSEL SHANE CZAJKOWSKI,

      Defendants.
_____/

**FINAL DEFAULT JUDGMENT**

THIS CAUSE is before the Court on Plaintiffs' Motion for Entry of Final Default Judgment (Dkt. 25) against Defendants H.H. PIZZA, INC., SOUTH END, INC., and DELTONA FOODS ("Defendants") under Rule 55(b)(2) of the Federal Rules of Civil Procedure. The Court, having reviewed the motion and the applicable law, concludes that the motion should be granted.

1

## BACKGROUND

Plaintiffs brought this action seeking a declaration that two policies of insurance do not provide coverage for claims asserted by Betty Kay Czajkowski, as Personal Representative of the Estate of Russel Shane Czajkowski, in a wrongful death lawsuit against Defendants ("The Czajkowski Action"). The Czajkowski Action alleges that Thomas Heller, in the course of his employment with Defendants, negligently struck and killed Russel Shane Czajkowski with his pizza delivery vehicle.

Defendant H.H. PIZZA was served with the complaint on June 4, 2015 (Dkt. 7), and Defendants SOUTH END, INC and DELTONA FOODS, LLC were served on June 8, 2015 (Dkt. 6, 8). Defendants failed to appear or otherwise defend, and a Clerk's Default was entered against those parties on July 2, 2015. (Dkt. 16, 17, 18). Plaintiffs now move for a declaratory default judgment.

## DEFAULT JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a default judgment against a party who has failed to plead in response to a complaint. Such a judgment is appropriate "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.*, 803 F.2d 1130, 1134 (11th Cir. 1986). Accordingly, all well-pleaded allegations of fact against that defendant will be deemed

admitted. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Mere conclusions of law, however, will not. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). A plaintiff must provide "a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal quotations omitted). A "sufficient basis" means satisfying the court that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Const. Co.*, 516 F.2d at 1206; *see also Surtain*, 789 F.3d at 1245 (concluding that, conceptually, a motion for default judgment should be treated like a reverse motion to dismiss for failure to state a claim).

When evaluating the complaint, a court must determine "whether [it] contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted)). And this plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Surtain*, 789 F.3d at 1245 (internal citations omitted). Or, in the case of an action for declaratory judgment, that a declaratory judgment is appropriate. *See Id.*

## DISCUSSION

The Court finds that it has diversity jurisdiction over this action. The Court also finds that by operation of 28 U.S.C. § 2201 it has jurisdiction to hear Plaintiffs' claim for declaratory relief.

Furthermore, the Court is satisfied that Plaintiffs have plead sufficient facts to support their claim for declaratory relief. Defendants' insurance agreements, which Plaintiffs provided with their complaint, contain an "exclusions" provision that states:

> This insurance, including any duty we have to defend 'suits', does not apply to:
>
> g. **Aircraft, Auto Or Watercraft**
> Bodily injury or property damage arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and 'loading or unloading.'
>
> This exclusion applies even if the claims allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by an insured, if the 'occurrence' which cause the 'bodily injury' or 'property damage' involved the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft that is owned or operated by or rented or loaned to any insured.

(Dkt. 1, p. 8). The agreement defines "Auto" as "[a] land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment." (Id.) The complaint alleges that the vehicle that Heller struck Czajkowski is an "Auto" as defined by the agreement and that the Czajkowski Action seeks damages for bodily injury.

These facts, as pled, "allow the court to draw the reasonable inference" that the claims alleged the Czajkowski Action are not covered by Plaintiffs' insurance policies. *See Surtain*, 789 F.3d at 1245 (internal citations omitted).

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiffs' Motion for Default Judgment (Dkt. 25) is **GRANTED**.

2. Plaintiffs' Insurance Policy No. ACP BPFZ 3006687076 does not afford coverage to Defendants for any of the claims, allegations, and/or damages set forth in the underlying lawsuit in the Circuit Court for the Seventh Judicial Circuit in and for Volusia County, Florida, Case No. 2015 10224 CIDL, styled <u>Betty Kay Czajkowski, as Personal Representative of the Estate of Russell Shane Czajkowski vs. H.H. Pizza, Inc., d/b/a Hungry Howies Pizza, a Florida corporation, South End, Inc., d/b/a Hungry Howies Pizza, a Florida corporation, Deltona Foods, LLC d/b/a Hungry Howies Pizza, a Florida corporation, Thomas E. Heller and Kristi Lee Heller</u>, the Czajkowski Action.

3. Plaintiffs' Insurance Policy No. ACP CAP 3006687076 does not afford coverage to Defendants for any of the claims, allegations, and/or damages set forth in the Czajkowki Action.

4. Plaintiffs have no duty to defend or indemnify Defendants with respect to the CZAJKOWSKI Action.

5. The Clerk of Court is directed to enter **FINAL DECLARATORY JUDGMENT** in favor of Plaintiffs.

6. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 28th day of October, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2015\15-cv-1013 Default Judgment.docx